UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| C&S PROPERTIES – C, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 24-458 |
| FOREMOST INSURANCE COMPANY OF GRAND RAPIDS, MICHIGAN | * | SECTION "R" (2) |

## ORDER AND REASONS

Pending before me is Defendant Foremost Insurance Company of Grand Rapids, Michigan's Motion to Opt Out of the Streamline Settlement Process and Case Management Order No. 1 enacted by this Court on August 26, 2022 in response to Hurricane Ida claims. ECF No. 7. Plaintiff C&S Properties – C, LLC timely filed an Opposition Memorandum. ECF No. 10. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion to Opt Out is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.     BACKGROUND

Plaintiff filed suit in state court to recover contractual and extra-contractual damages against Foremost in relation to its two properties located in Hammond, Louisiana, that were damaged from Hurricane Ida. ECF No. 1-2. Foremost removed the case to this Court. ECF No. 1. Foremost now seeks to dismiss Plaintiff's claims under Rule 12(b)(6) because the claims are vague and ambiguous and improperly joined, and to dismiss one claim based on Rule 12(b)(1) as one property has a $20,000 policy limit. ECF No. 6-1. Based on that motion to dismiss, Defendant seeks to opt out of the SSP and CMO #1. ECF No. 7.

1

In Opposition, Plaintiff refers to its arguments in opposition to the motion to dismiss and argues that Plaintiff has failed to establish good cause to opt out of either the SSP or CMO #1.

## II.     APPLICABLE LAW AND ANALYSIS

On August 26, 2022, this Court adopted CMO No. 1 to govern Hurricane Ida claims.  CMO #1 includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation.  *See* Sections 1, 3.  Although parties may generally not opt out of the mandatory initial disclosures set forth in Section 1, within 15 days of the responsive pleading or entry of the CMO, a party may seek to opt-out of the SSP in Section 3 upon a showing of good cause.  *See* Section 3.

The court adopted the Hurricane Ida CMO to facilitate the speedy and orderly resolution of insurance cases arising out of Hurricane Ida through the SSP.[1]  After Defendant's removal of this case from state court based on diversity and supplemental jurisdiction, it now seeks to dismiss the case pursuant to Rules 12(b)(1) and 12(b)(6).  ECF No. 1 ¶¶ 7, 8; No. 6.  Defendant's request to opt-out will be granted in part, specifically only for the limited purpose of obtaining a ruling on its dispositive motion.  The parties remain obliged to comply with all other terms of the CMO, including initial disclosures, unless or until the matter is resolved on Defendant's motion or otherwise.

## III.    CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion to Opt Out (ECF No. 7) is GRANTED IN PART AND DENIED IN PART.  Defendant is granted limited relief from the CMO's automatic

---

[1] *Okpalobi v. American Nat'l Prop. & Cas. Co.*, No. 23-6691, 2024 WL 838464, at *9 (E.D. La. Feb. 28, 2024).

3

stay solely to enable it to pursue its motion to dismiss as set forth herein. If the motion is denied or the case otherwise remains on the docket, it will remain subject to the Hurricane Ida CMO and the Streamlined Settlement Program.

New Orleans, Louisiana, this __3rd__ day of April, 2024.

*[signature: Donna Phillips Currault]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE