UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| C & S PROPERTIES – C, LLC | CIVIL ACTION |
| VERSUS | NO. 24-458 |
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is defendant Foremost Insurance Company Grand Rapids, Michigan's ("Foremost") motion to dismiss.[1] Plaintiff opposes this motion, and seeks leave to amend its complaint to cure the alleged deficiency. For the following reasons, the Court denies Foremost's motion to dismiss and grants plaintiff leave to amend.

### I. BACKGROUND

This action arises from damages to two of plaintiff's properties allegedly caused by Hurricane Ida. Plaintiff alleges that the two Hammond, Louisiana, properties—one on Wardline Road (the "Wardline property") and

---

[1] R. Doc. 6.

the other on Mickeys Drive (the "Mickeys property")—were each covered by separate insurance policies issued by Foremost when they were damaged by Hurricane Ida in August 2021.[2] Plaintiff alleges that it submitted timely notice of the loss to Foremost.[3] Plaintiff further alleges that upon this notice, Foremost either performed one more inspection of each property or received satisfactory proof of loss and damage from the plaintiff.[4] Plaintiff alleges that, while Foremost has been in possession of sufficient evidence of the losses or had the opportunity to fully appraise the losses for itself, it has failed to pay the amount due under the policies in the time required by Louisiana law.[5] Plaintiff contends that Foremost's failure to pay constitutes a breach of the insurance contract and bad faith under the Louisiana Insurance Code, La. Rev. Stat. Ann. §§ 22:1892 & 22:1973.[6]

Plaintiff filed a petition in state court that Foremost removed to this Court in February 2024 on the basis of diversity jurisdiction.[7] Foremost attached to the notice of removal repair estimates prepared for each property.[8] Foremost now moves to dismiss the action for lack of subject

---

[2] R. Doc. 1-2 ¶¶ 5-6.
[3] *Id.* ¶ 9.
[4] *Id.* ¶ 10.
[5] *Id.* ¶¶ 12-18.
[6] *Id.* ¶¶ 20-30.
[7] R. Doc. 1.
[8] R. Docs. 1-3 & 1-4.

matter jurisdiction and for failure to state a claim for which relief can be granted.[9] Foremost has attached to its motion copies of claim notes and copies of the insurance policies applicable to the properties at issue in this case.[10] Plaintiff contends that the action should not be dismissed, and that the Court should not consider the repair estimates or claim notes in ruling on the Rule 12 motion because they are not attached to or referenced in plaintiff's petition and are not central to plaintiff's claims.[11]

The Court considers the parties' arguments below.

## II. SUBJECT MATTER JURISDICTION

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of

---

9  R. Doc. 6.
10  R. Docs. 6-2 & 6-3.
11  R. Doc. 9.

three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  The Court is permitted to consider a wide variety of material in deciding "its own right to hear the case." *Williamson*, 645 F.2d at 413.  Accordingly, the Court will consider all of the evidence in the record in deciding the Rule 12(b)(1) motion.

Diversity jurisdiction exists when the action is one between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  "[T]he party invoking federal diversity jurisdiction . . . bears the burden of establishing the amount in controversy." *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351 (5th Cir. 2023).

### B.   Discussion

Plaintiff's petition states that plaintiff is a citizen of Louisiana and alleges that defendant is a foreign insurer.[12]  Defendant's notice of removal states that defendant is a citizen of Michigan.[13]  Neither party contends that

---

12    R. Doc. 1-2 ¶¶ 1-2.
13    R. Doc. 1 ¶ 4.

complete diversity is lacking in this action. Accordingly, the Court finds that the parties are completely diverse.

Nevertheless, Foremost contends that plaintiff's petition is improperly cumulative, that the claims relating to each property should be severed, and that the action concerning the Mickeys property should be dismissed for lack of subject-matter jurisdiction because the limit of the policy applicable to that property is $20,000.[14] Foremost concedes that the Court has jurisdiction over the claims concerning the Wardline property, as the repair estimate values the damage at $179,882.13[15] and the applicable limit of the policy is $179,000.[16] Plaintiff contends that the petition is not improperly cumulative, that the Court should not sever the action, and that the Court has jurisdiction over the action as pleaded.[17]

Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." The Fifth Circuit has held that "Rule 18(a) . . . grants the plaintiffs complete freedom to join in a single action all claims that they may have against any of the defendants." *See In re Beef Indus.*

---

[14] R. Doc. 6-1 at 8-9.
[15] R. Doc. 1-2 at 29.
[16] R. Doc. 1 at 4.
[17] R. Doc. 9 at 2-3.

*Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979); *see also* Wright & Miller, 6A *Federal Practice & Procedure Civil* § 1586 (3d ed.) (noting that "it now should be clear that the court actually has no discretion to determine what claims a party may or may not join in the pleadings" but that a Court may order separate trials under Rule 42(b)).

Thus, under Rule 18(a), plaintiff could properly include its claims concerning both the Wardline and Mickeys properties in the same federal action. Defendant relies on caselaw severing claims permissively joined under Federal Rule of Civil Procedure 20, governing multi-party actions.[18] This caselaw simply does not apply here, because this case involves a single plaintiff asserting claims against a single defendant. After discovery in this case, Foremost may move to sever the claims for the purpose of trial under Federal Rule of Civil Procedure 42(b). *See Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) (noting that Rule 42(b) permits severance for trial for efficiency and to avoid prejudice); *Chrysler*

---

[18]   *See, e.g.,* R. Doc. 11 at 5-6 (quoting *Rohr v. Metro. Ins. & Cas. Co.*, No. 06-10511, 2007 WL 163037, at *1 (E.D. La. Jan. 17, 2007)).

*Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991) (distinguishing between severance under Rule 21 and Rule 42).

In determining whether the amount in controversy is met, a single plaintiff's claims against a single defendant are aggregated. *Snyder v. Harris*, 394 U.S. 332, 335 (1969). Here, because plaintiff properly pleaded all of its claims against Foremost, and the amount in controversy is met with respect to the Wardline property, the Court has jurisdiction over the entire action.

### III. FAILURE TO STATE A CLAIM

#### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d

228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* Additionally, the Court may "consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (alteration in original) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (internal quotation marks omitted)).

### B.  Discussion

As an initial matter, the claim notes that Foremost attaches to its motion[19] are not referred to in plaintiff's petition or central to plaintiff's claims. The repair estimates[20] are referred to in plaintiff's petition, since they are proofs of loss, and are central to plaintiff's claim, since they show

---

| | |
|---|---|
| 19 | R. Doc. 6-2 at 1-4; R. Doc. 6-3 at 1-5. |
| 20 | R. Docs. 1-3 & 1-4. |

how much Foremost allegedly owed on the policies and when it allegedly owed those amounts. Accordingly, the Court will not consider the claim notes but will consider the repair estimates in ruling on the 12(b)(6) motion. *See Brand Coupon Network*, 748 F.3d at 635; *see also Churchill v. Wright Nat'l Flood Ins.*, No. 23-62122, 2024 WL 1142145, at *3 (S.D. Fla. Feb. 28, 2024) (considering repair estimate as proof of loss on 12(b)(6) motion), *report and recommendation adopted*, 2024 WL 1138269 (S.D. Fla. Mar. 15, 2024).

Foremost contends that plaintiff's petition must be dismissed because plaintiff fails to provide adequate factual allegations to state a claim under Federal Rule of Civil Procedure 8, and the petition is an improper shotgun pleading.[21] The Court considers these arguments below.

In Louisiana, a breach of contract claim has three elements: "(1) the obligor[] undert[ook] an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (citations and internal quotation marks omitted). Further, to state a claim for breach of an insurance policy, the plaintiff must specify the provisions of the policy breached. *Hibbets v. Lexington Ins. Co.*, 377 F. App'x

---

[21] *Id.* at 4-7.

352, 355 (5th Cir. 2010) (per curiam) ("We have recognized that in order to allege a valid 'claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision.'" (quoting *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002))). To state a claim for breach of Louisiana's bad faith statutes, plaintiff must adequately allege a breach of contract claim and include "factual allegations" sufficient "to plausibly conclude" that the defendant violated the statutes. *Hibbets*, 377 F. App'x at 355-56 ("Simply stating a conclusory allegation that [defendant]'s actions were arbitrary, or that [defendant] breached a duty, without providing factual allegations in support is insufficient to state a claim.").

Here, plaintiff fails to identify specific policy provisions that Foremost breached in pleading its breach of contract claim.[22] *See Engles v. Great Lakes Ins. SE*, 675 F. Supp. 3d 702, 707 (E.D. La. 2023) (noting that this failure "alone is enough to render the complaint deficient" (internal quotation marks omitted)). Further, plaintiff's petition makes only vague and conclusory allegations, and does not refer to specific actions or omissions by Foremost. For example, plaintiff's petition states that, "[u]pon notification of the loss event, [Foremost] performed inspection(s) of the loss and damage to the Insured Properties, and/or received satisfactory proof of

---

22   R. Doc. 1-2 ¶¶ 20-24.

10

loss and damage from [p]laintiff."[23]   From this statement, it is unclear whether Foremost took steps to adjust the claims by performing one or more inspections, or whether plaintiff attempted to provide satisfactory proof of loss based on estimations prepared by its own consultants.  Similarly, the only date referred to in plaintiff's petition is the date of the loss event, August 29, 2021.  Plaintiff does not state when it notified Foremost of the loss, when Foremost responded to the notice of the loss, how Foremost responded, what has happened since plaintiff initiated the claim, or why any unpaid portions of the claim should be considered undisputed.  *See JMC - Tran Props. v. Westchester Surplus Lines Ins. Co.*, No. 22-4727, 2023 WL 2527168, at *5 (E.D. La. Mar. 15, 2023) (finding complaint failed to state a claim when it did not state when defendant received satisfactory proof of loss, when inspections took place, any amounts paid on insurance claim, or why unpaid portions should be considered undisputed).

There are no factual allegations in the petition to support plaintiff's allegation that Foremost breached Louisiana's bad faith statutes because the petition does not specify when Foremost received notice of the claim, what steps it took to adjust the claim, whether it ever made any payments on the claim, or, if it did not make payments on the claim, why it refused to do so or

---

[23]     *Id.* ¶ 10.

11

why any part of the claim should be considered undisputed. *See NAZ LLC v. Mt. Hawley Ins. Co.*, No. 21-1893, 2022 WL 1719272, at *3 (E.D. La. May 27, 2022) ("Simply stating a conclusory allegation that [defendant]'s actions were arbitrary or that [defendant] breached a duty, without providing factual allegations in support, is insufficient to state a claim.").

Nevertheless, "a party may amend its pleading . . . with . . . the court's leave," and the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, plaintiff asks to file an amended complaint addressing the deficiencies identified in the petition if the Court finds the petition deficient. Plaintiff may file an amended complaint within twenty (20) days of this Order to remedy the deficiencies identified herein. *See Jamison v. Fluor Fed. Sols., L.L.C.*, 787 F. App'x 241, 242 (5th Cir. 2019) (noting that dismissal is appropriate for failure to state a claim when a plaintiff has had the "opportunity to plead his best case").

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED, and plaintiff's motion for leave to amend its petition is GRANTED. Plaintiff must file an amended complaint within twenty (20) days of this Order to remedy the deficiencies identified herein.

New Orleans, Louisiana, this __7th__ day of May, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE